UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. WIGGINS,

    Plaintiff,                                       Case No. 14-cv-12680
                                                    Hon. Matthew F. Leitman

v.

NATIONSTAR MORTGAGE LLC et al.,

    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO SHOW CAUSE (ECF #2)

On July 9, 2014, Plaintiff Robert L. Wiggins ("Wiggins") filed a Complaint in this Court. (*See* Compl., ECF #1.)  Wiggins alleges that in 2005 he "refinanced residential real estate in New Hudson, Oakland County, Michigan." (*Id.* at ¶5.)  Wiggins says that the "defendant banks made no effort or attempt to investigate [his] ability to repay the amounts financed prior to issuing the loan" (*id.* at ¶7), and that the monthly payments under his refinanced mortgage are "more than [he] could foreseeably pay." (*Id.* at ¶8.)  Wiggins further claims that the Defendants have reneged on a promise "that [Wiggins] would receive a fixed rate mortgage if he first agreed to accept [an] adjustable rate mortgage." (*Id.* at ¶¶10-11.)

At the same time Wiggins filed his Complaint, he also filed the instant *ex parte* Motion requesting a temporary restraining order and an order to show cause (*See* ECF #2.)  In his Motion, Wiggins asks the Court to enter an order "enjoining a sheriff's sale

1

and enjoining interference with [his] possession of the subject property." (*Id.* at 5, Pg. ID 52.)

Federal Rule of Civil Procedure 65 governs motions for temporary restraining orders. In relevant part, Rule 65 states that a "court may issue a temporary restraining order without written or oral notice to the adverse party" only when:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.Proc. 65(b)(1)(A)-(B). Wiggins has not complied with either of these requirements. First, on the record currently before the Court, Wiggins has not "clearly show[n] that immediate and irreparable injury…will result…before the adverse party can be heard in opposition." *Id.* In fact, Wiggins has provided the Court no evidence that Defendants have scheduled a sheriff's sale for his property, or even that his property is currently subject to foreclosure proceedings.[1] Simply put, Wiggins has not shown any need for "immediate" relief, especially before Defendants are served with this action.

---

[1] While at one point in his Complaint Wiggins appears to suggest that "foreclosure proceedings were instituted" (Compl. at ¶31), in other instances, he says only that Defendant Nationstar Mortgage LLC "is threatening to institute foreclosure proceedings." (*Id.* at ¶¶48, 81.) Wiggins has not provided the Court any evidence to support a finding that foreclosure proceedings are in fact ongoing or that Defendants have threatened to take any immediate action against Wiggins or his property.

Second, Wiggins has failed to "certif[y] in writing any efforts made to give notice [of his Motion] and the reasons why it should not be required." Fed.R.Civ. Proc. 65(b)(1)(B). In his Complaint, Wiggins alleges that "defendants refused to return [his] repeated telephone calls, e-mails, and letters in a timely fashion." (Compl. at ¶30.) Wiggins makes no effort, though, to link these communications to this Motion, and he has provided no evidence of any efforts to provide notice of this action or this Motion to the Defendants. Nor has Wiggins provided any reason why the Court should excuse notice in this case. Wiggins has thus failed to comply with the applicable federal rules.

Therefore, having reviewed Wiggins' Complaint and Motion, for all of the reasons stated above, the Court **DENIES** Wiggins' Motion for preliminary and *ex parte* relief. Following service of the Complaint on the Defendants, Plaintiff may file a motion for preliminary injunction.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 10, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

3