UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. WIGGINS,

       Plaintiff,                        No. 14-12680

v.                                   District Judge Matthew F. Leitman
                                      Magistrate Judge R. Steven Whalen

NATIONSTAR MORTGAGE LLC,
ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On July 9, 2014, Plaintiff Robert L. Wiggins filed a *pro se* civil complaint alleging numerous claims centering on a mortgage on real property that he gave as security for a loan in March of 2005. Before the Court is a Motion to Dismiss [Doc. #13] filed by Defendants Nationstar Mortgage LLC ("Nationstar") and Deutsche Bank National Trust Company on Behalf of GS Mortgage Securities Corp., GSAA Home Equity Trust 2005-10 Asset-Backed Certificates, Series 2005-10 ("Deutsche Bank"), which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion [Doc. #13] be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

                    **I.    FACTS**

In his complaint [Doc. #1], Plaintiff states that he refinanced a real estate loan on March 28, 2005. Attached to his complaint is a copy of the mortgage given to Argent Mortgage Company LLC ("Argent") (Exhibit 1) and an adjustable rate interest promissory note to Argent in the amount of $418,000.00 (Exhibit 2). Both documents

were executed on March 28, 2005. He alleges that the Defendants engaged in predatory lending practices, in violation of a number of federal and Michigan statutes.

Defendants have submitted the following documents as exhibits to their motion: (1) the mortgage; (2) Argent's assignment of the mortgage to Deutsche Bank, dated August 24, 2010; (3) a Sheriff's Deed (following foreclosure proceedings) dated October 25, 2011, conveying the property to Deutsche Bank; (4) stipulated order setting aside the Sheriff's Deed; (5) Order granting Defendants' motion to dismiss in *Robert L. Wiggins v. Argent Mtg. Co. LLC, et al*, E.D. Mich. Docket No. 11-15118; (6) Sixth Circuit decision affirming the district court's judgment.[1] These exhibits show that Argent assigned the mortgage to Deutsche Bank on August 24 2010. Following Plaintiff's default, Deutsche Bank foreclosed and purchased the property at a Sheriff's Sale on November 2, 2011.

The Plaintiff then filed his prior lawsuit against Argent and Deutsche Bank in the Oakland County Circuit Court. The Defendants removed the case to this Court, and it was assigned to Judge Borman. *Robert L. Wiggins v. Argent Mtg. Co. LLC, et al*, E.D. Mich. Docket No. 11-15118. It was in the context of the prior action that the parties stipulated to set aside the Sheriff's Deed. In this previous action, Plaintiff raised claims of conspiracy and fraud arising from the original mortgage loan transaction and the assignment of the mortgage to Deutsche Bank. Judge Borman granted the Defendants' motion to dismiss, and the Sixth Circuit affirmed.

In his previous lawsuit (E.D. Mich. No. 11-15118), the Plaintiff challenged the

---

[1] Because those documents are central to the Plaintiff's claims as set forth in the complaint, the Court may consider them, along with matters of public record, in determining a motion under Rule 12(b)(6). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

2010 assignment of his mortgage from Argent to Deutsche Bank, asserting claims of conspiracy and fraud, and requesting injunctive relief. In his opinion granting Defendants' motion to dismiss, Judge Borman noted that at the hearing on the motion, Plaintiff raised a vague "claim under Dodd Frank," but apart from the fact that no specific section of the statute was provided, "no 'Dodd Frank' claim was pled in Plaintiff's Complaint, no 'Dodd Frank' claim was even cited at the hearing, and no 'Dodd Frank' claim is before the Court." [*Id.*, Doc. #73, fn. 2]. Judge Borman described the background of the case as follows: Plaintiff and his wife accepted a $418,000 loan on March 28, 2005, secured by a mortgage to Argent, which assigned the mortgage to Deutsche Bank on August 24, 2010. Plaintiff defaulted on the loan, and Deutsche Bank commenced foreclosure proceedings, which culminated on Deutsche Bank purchasing the property at a Sheriff's Sale on October 25, 2011. However, the sale was subsequently set aside by stipulation of the parties. Judge Borman observed that "Plaintiff has lived in the home without making a payment on his mortgage since December 24, 2008." *Id.*, p. 4.

The Sixth Circuit affirmed Judge Borman's order of dismissal on March 31, 2014, issuing its mandate on April 23, 2014. Plaintiff commenced the present action less than three months later, on July 9, 2014. He brings the following enumerated claims:

Count I: RESPA violations.

Count II: Fraudulent misrepresentation.

Count III: Innocent misrepresentation.

Count IV: Violation of Michigan Consumer Protection Act ("MCPA").

Count V: Intentional Infliction of Emotional Distress.

Count VI: Violation of the Truth in Lending Act ("TILA").

Count VII: Breach of Fiduciary Duty.

Count VIII: Declaratory Relief re: foreclosure.

Count IX: Breach of Contract.

Count X: Predatory Lending.

Count XI: Violation of Michigan's Consumer Mortgage Protection Act.

Count XII: Violation of Mortgage and Anti-Predatory Lending Act.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined

whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III.   DISCUSSION

#### A.   Statute of Limitations

The majority of Plaintiff's claims arise out of the mortgage and loan executed in 2005. This lawsuit was filed in 2014.

TILA is subject to a one-year statute of limitations, which runs from the date of the violation. 15 U.S.C. § 1640(e). This one-year limitation period also applies to claims under HOEPA, 15 U.S.C. § 1639. *Thielen v. GMAC Mortgage Corp.*, 671 F.Supp.2d 947 (E.D. Mich. 2009); *Girgis v. Countrywide Home Loans, Inc.*, 733 F.Supp.2d 835 (N.D. Ohio 2010). In addition, TILA claims for rescission of a mortgage are subject to a three-year statute of repose, which runs from the date of the transaction. 15 U.S.C. § 1635(f).

A RESPA claim that alleges violations of the disclosure requirement at the time of closing are subject to a three-year statute of limitations. 12 U.S.C. § 2614.

Claims of fraudulent misrepresentation, innocent misrepresentation, or other fraud-based claims are subject to Michigan's six-year statute of limitations, as are claims for breach of fiduciary duty. M.C.L. § 600.5813; *Boyle v. General Motors Corp.,* 468 Mich.

226, 230, 661 N.W.2d 557 (2003); *Gilbert Family Partnership v. Nido Corp.*, 679 F.Supp.2d 679, 685 (E.D. Mich. 1988).[2]

Claims for breach of contract are subject to a six-year statute of limitations. M.C.L. § 600.5807(8).

Claims under the Michigan Consumer Protection Act are subject to a six-year statute of limitations, or one year after the last payment in a transaction was made. M.C.L. § 445.911(7). As Judge Borman observed, Plaintiff has not made a payment since December 24, 2008.

To the extent that a plaintiff states a claim for breach of fiduciary duty, it is subject to a six-year statute of limitation. *See* M.C.L. § 600.5813 ("All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes.").

In this case, the above claims all arise from the 2005 mortgage loan transaction. Therefore, Counts I (RESPA) , II (fraudulent misrepresentation), III (innocent misrepresentation) , IV (MCPA), VI (TILA), VII (breach of fiduciary duty), and IX (breach of contract) should be dismissed as time-barred.

### B. Res Judicata

All claims Plaintiff now makes in this Court that arise from the original mortgage loan, the assignment of the mortgage, or the foreclosure and Sheriff's sale, were or could have been raised in the previous case before Judge Borman, and are therefore barred under the doctrine of res judicata.

---

[2] The Defendants argue that Michigan's Consumer Mortgage Protection Act found at MCL § 445.1631, *et seq*. is based on fraud and would therefore be subject to a six-year statute of limitations. More importantly, however there is no private cause of action under the CMPA, which provides only for enforcement by the commissioner, M.C.L. § 445.1639, the attorney general or a cuonty prosecutor, M.C.L. § 445.1640.

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005), the Supreme Court noted that the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" (Quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)). Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

Applying this test to the Plaintiff's case, the first prong of the test is met in that Judge Borman dismissed the previous case with prejudice, on the merits, and the Sixth Circuit affirmed the dismissal. As to the second prong, every claim that Plaintiff now asserts arises from either the original loan/mortgage transaction, Argent's assignment of the mortgage to Deutsche Bank, the Plaintiff's default on the loan and Deutsche Bank's

-7-

initiation of foreclosure proceedings, or the Sheriff's sale. Therefore, those claims could have been raised in the previous action, which arose from the same operative facts.

As to the third prong–identity of the parties–Deutsche Bank was a party to the previous action. Defendant Nationstar was not a party to the first lawsuit, its role simply being that it recently became the servicer of the loan. Plaintiff alleges, at ¶ 2 of the complaint, that Nationstar "is a nominee and assignee of original lender." However, because its interests are aligned with Deutsche Bank's, Nationstar is in privity with a party to the first lawsuit. Privity between a party and a non-party requires both a "substantial identity of interests" and a "working or functional relationship ... in which the interests of the non-party are presented and protected by the party in the litigation." *Phinisee v. Rogers,* 229 Mich.App. 547, 553–54, 582 N.W.2d 852 (1988), quoting *Public Service Co. v. Osmose Wood Preserving, Inc.,* 813 P.2d 785, 787 (Colo.App.1991). "In its broadest sense, privity has been defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Sloan v. City of Madison Heights,* 425 Mich. 288, 295–96, 389 N.W.2d 418 (1986) (internal citations and quotations omitted). As Judge Battani stated in *Spencer v. National City Mortg.*, 2013 WL 228041, *4 (E.D.Mich. 2013):

> "Under Michigan law, a party in privity is 'one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession or purchase.' *Howell v. Vito's Trucking & Excavating Co.,* 386 Mich. 37, 191 N.W.2d 313, 316 (Mich.1971); *see also Bates v. Township of Van Buren,* 459 F.3d 731, 735 (6th Cir.2006) ('To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert). The outer limit of the doctrine traditionally requires both [1] a 'substantial identity of interests' and [2] a 'working functional relationship' in which [3] the interests of the nonparty are presented and protected by the party in the litigation'. *Id.* "

As a successor in interest in the subject matter of this litigation (i.e., the mortgage), Nationstar is in privity with Deutsche Bank. *Spencer*. Therefore, both Deutsche Bank and Nationstar should be dismissed under the doctrine of res judicata.

### C.   Predatory Lending

In Counts X and XII, Plaintiff brings a claim of "predatory lending." While Count X does not state any statutory basis for such claim, Count XII cites 15 U.S.C. § 1639c, which Plaintiff refers to as the "Dodd-Frank" act. However, the effective date of this provision was July 21, 2010, more than five years after Plaintiff and Argent consummated the mortgage loan transaction. The amendment is not retroactive. *See e.g. Weller v. HSBC Mortg. Services, Inc.*, 971 F.Supp.2d 1072 (D. Colo. 2013). Moreover, even if this provision of Dodd-Frank were retroactive, the claims, which flow from the original mortgage loan agreement, could have been raised in the 2011 case that Judge Borman dismissed, and are therefore barred under principles of res judicata.

### IV.   CONCLUSION

For these reasons, I recommend that the Defendants' Motion to Dismiss [Doc. #13] be GRANTED and that Defendants Deutsche Bank and Nationstar be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        /s/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Date: July 14, 2015

### Certificate of Service

I certify that a copy of this order was served upon parties of record on July 14, 2015, via electronic or postal mail.

        /s/A. Chubb
        DEPUTY CLERK