UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. WIGGINS,

    Plaintiff,                                  Case No. 14-cv-12680
                                             Hon. Matthew F. Leitman

v.

NATIONSTAR MORTGAGE LLC *et al.*,

    Defendants.
_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF #27),
OVERRULING PLAINTIFF'S OBJECTIONS TO THE REPORT AND
RECOMMENDATION, (ECF #28), AND GRANTING DEFENDANTS'
MOTION TO DISMISS (ECF #13)</u>**

On July 9, 2014, Plaintiff Robert L. Wiggins ("Wiggins") filed a *pro se* Complaint against Defendants Nationstar Mortgage LLC ("Nationstar"), Deutsche Bank National Trust Company on Behalf of GS Mortgage Securities Corp., GSAA Home Equity Trust 2005-10 Asset Backed Certificates, Series 2005-10 ("DB"), and Argent Mortgage Company LLC ("Argent"). (*See* Compl., ECF #1.) Wiggins brings multiple state and federal claims that all appear to arise out of the refinancing of Wiggins' home loan on March 28, 2005, and the subsequent foreclosure of that property in October 2011. Nationstar and DB jointly filed a motion to dismiss Wiggins' claims against them (the "Motion to Dismiss"). (*See* ECF #13.)

1

The assigned Magistrate Judge issued a Report and Recommendation on July 14, 2015, (the "R&R") in which he recommended that the Court grant the Motion to Dismiss. (*See* ECF #27.) The Magistrate Judge first concluded that the majority of Wiggins' claims were barred by the applicable statutes of limitations. (*See id.* at 5-6, Pg. ID 291-292.) He next held that even if some of Wiggins' claims were not time-barred, the doctrine of *res judicata* prohibited Wiggins from bringing each of the counts of his current Complaint. (*See id.* at 6-9, Pg. ID 292-295.) The Magistrate Judge explained that in 2011, Wiggins filed a very similar suit in this Court to the one he brings now in which he alleged that DB and Argent committed fraud and other misconduct related to his home loan (the "2011 Wiggins Action"). (*See id.*) Judge Paul D. Borman dismissed the 2011 Wiggins Action with prejudice, and the Sixth Circuit Court of Appeals affirmed that decision. *See Wiggins v. Argent Mortgage Company, LLC*, 945 F.Supp.2d 817 (E.D. Mich. 2013), *aff'd* Case No. 13-1797 (6th Cir. Mar. 31, 2014). The Magistrate Judge concluded that each of Wiggins' current claims "were or could have been raised in the previous case before Judge Borman, and are therefore barred under the doctrine of *res judicata*." (R&R at 6, Pg. ID 292.) Finally, the Magistrate Judge held that Wiggins' claims of predatory lending failed for the independent reason that the statute under which Wiggins sought to bring those

2

claims – 15 U.S.C. § 1639(c) – did not apply retroactively to Wiggins's claims. (*See id.* at 9, Pg. ID 295.)

Wiggins has now filed timely objections to the R&R (the "Objections"). (*See* ECF #28.) A number of the Objections are general in nature and/or do not address a specific flaw with the reasoning of the Magistrate Judge. For example, Wiggins objects to the dismissal of counts I, IV, V, VI, VIII, and IX of his Complaint as follows:

> Plaintiff's Count I--Respa Violations makes specific charges and enumerates specific facts in Document 1, ¶26a-g of violations and they may not be dismissed without a hearing before the trier of facts at trial.
>
> Counts IV--specifies with particularity the violations committed by defendants in Document 1, ¶26a-g, and these facts have never been adjudicated.
>
> Count V--intentional Infliction of Emotional Distress can not be dismissed without a hearing on the facts. Insofar as the court makes findings of fact in the granting of defendants' motion it oversteps its bounds and authority.
>
> [….]
>
> Count Vll--Breach of Fiduciary Duty raises purely questions of fact and has never been litigated. The ongoing dispute between the plaintiff and defendant preserves its viability as it has always been an assertion of plaintiff of which defendant was aware. There is no prejudice to defendants by its continuation.

> Count VIII--Declaratory Relief is within the sound discretion of the court, but should still be based upon a proper hearing of the evidence and not dismissed without an opportunity to be heard.
>
> Count IX--Breach of Contract alleges specific breaches of the contract by defendants which have never been tested in the crucible of trial.

(Objections at 3-4, Pg. ID 299-300.) Such "vague, general, [and] conclsuory objections do[] not meet the requirement of specific objections and [are] tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 Fed. App'x 228, 230 (6th Cir. 2009). Indeed, the kinds of general objections Wiggins has lodged here have "the same effect[] as would [the] failure to object. The [] [C]ourt's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless ... The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.* (quoting *Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 509 (6th Cir. 2001)). Therefore, to the extent not addressed below, the Court concludes that the Objections are "vague, general, or conclusory" and they are overruled on that basis.

With respect to the Magistrate Judge's recommendation that the Court dismiss Counts II (titled "fraudulent misrepresentation") and III (titled "innocent misrepresentation"), Wiggins objects on the basis that "[f]raud is [] intrinsically fact driven" and "[t]hese facts were never tested in the prior action before Judge

4

Borman and therefore remain viable and not subject to claims of *res judicata*." (Objections at 2-3, Pg. ID 298-299.) However, "Michigan takes 'a broad approach to the doctrine of *res judicata*, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, *could have raised but did not*.'" *Thompkins v. Crown Corr, Inc.*, 726 F.3d 830, 841-842 (6th Cir. 2013) (quoting *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004)) (emphasis added). Wiggins does not dispute that he *could have* raised his fraud claims in the 2011 Wiggins Action but did not do so. Thus, whether the fraud claims were ever "tested" in the 2011 Wiggins Action is not relevant and does not save Wiggins' fraud claims here.

Moreover, Wiggins has failed to even address the Magistrate Judge's recommendation that his fraudulent misrepresentation and innocent misrepresentation claims be dismissed on the alternative ground that they are barred by the applicable statutes of limitation. (*See* R&R at 5, Pg. ID 291.) Wiggins has thus waived his right to object and seek review of the dismissal of those claims. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir.1991) ("[O]nly those specific objections to the magistrate's report made to the district

court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have"). And even if Wiggins had objected to that recommendation, such an objection would fail. Michigan has a six-year statute of limitation for claims of fraudulent misrepresentation and innocent representation. *See* M.C.L. § 600.5813. In his Complaint, Wiggins claims that his fraudulent misrepresentation and innocent misrepresentation claims arise out of allegedly fraudulent statements made "[o]n or about March 28, 2005." (*See* Complaint at ¶¶ 16, 21.) Because these alleged statements were made more than six years before Wiggins filed his Complaint, the Magistrate Judge properly concluded that they were time-barred.

Wiggins further objects to the Magistrate Judge's recommendation that the Court dismiss his predatory lending claims in counts X and XII of his Complaint. (*See* Objections at 4-5, Pg. ID 300-301.) Wiggins argues that these counts "specifically allege conduct by the defendant which have [sic] been found to be illegal and actionable by Congress and the President of the United States. The fact that this codification did not occur until after the closing of plaintiff's mortgage does not mean that the actions themselves are not grounds for a cause of action in common law." *Id.* But Wiggins has provided no authority to support the proposition that any such common-law claim for "predatory lending" exists. *See, e.g., Haisha v. Countywide Bank, FSB*, 11-cv-11276, 2011 WL 2271319, at *5-*6

(E.D. Mich. June 8, 2011) (dismissing claim for "predatory lending," and concluding that "[c]ourts that have ventured to search for a 'predatory lending' cause of action in Michigan have returned from the search wanting"); *O'Brien v. BAC Home Loan Servicing, LP*, 10–15136, 2011 WL 1193659, at *4 (E.D.Mich. Mar. 28, 2011) ("Michigan does not recognize a claim for predatory lending"). Furthermore, the Magistrate Judge concluded in the alternative that *res judicata* barred Wiggins' predatory-lending claims, and Wiggins' general and conclusory objection that these claims "have never been properly litigated" (Objections at 5, Pg. ID 301) fails for the reasons stated above.

Finally, Wiggins objects to the dismissal of all of his claims against Nationstar because, Wiggins says, Nationstar's "involvement in this case did not become known to [him] until less than two years before the filing of [his] [C]omplaint." (Objections at 3, Pg. ID 299.) Wiggins further argues that Nationstar's identify was fraudulently concealed from him, and thus his claims against Nationstar were tolled pursuant to M.C.L. § 600.5855[1]. (*See id.*)

---

[1] M.C.L. § 600.5855 provides that "[i]f a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations."

7

Wiggins' objection on this basis fails for two reasons. First, "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n .1 (6th Cir. 2000). Here, Wiggins never argued to the Magistrate Judge that his claims against Nationstar should be saved because Nationstar's identity was fraudulently concealed from him. (*See* Wiggins' Response Brief, ECF #17.) Instead, Wiggins only argued to the Magistrate Judge that "Nationstar was not a party to any prior litigation" and that "[t]his action was brought against Nationstar within one year of the assignment of the mortgage to Nationstar." (*Id.* at 8, Pg. ID 226.) Thus, Wiggins has waived his argument that Nationstar's identity was fraudulently concealed and that his claims against Nationstar should be tolled on that basis. *See Murr,* 200 F.3d at 902, n.1 ("Issues raised for the first time in objections to [a] magistrate judge's report and recommendation are deemed waived").

Moreover, and in any event, Wiggins' objection addresses only whether his claims against Nationstar should be considered timely filed. But the Magistrate Judge recommended that the Court dismiss Wiggins' claims against Nationstar *even if they were timely* because Nationstar was "in privity with [DB], a party to the [2011 Wiggins Action]," entitling Nationstar to the same *res judicata*

8

protections as DB.  (R&R at 8-9, Pg. ID 294-295.)  Wiggins does not address this recommendation in his Objections and he has therefore provided no basis to reject the recommendation that his claims against Nationstar be dismissed on the basis of *res judicata*.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF #27) is **ADOPTED** as the Opinion of this Court, Wiggins' Objections to the Report and Recommendation (ECF #28) are **OVERRULED**, and Defendants' Motion to Dismiss (ECF #13) is **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 20, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 20, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113