UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. WIGGINS,

       Plaintiff,                               No. 14-12680

v.                                           District Judge Matthew F. Leitman
                                                Magistrate Judge R. Steven Whalen

NATIONSTAR MORTGAGE LLC,
ET AL.,

       Defendants.
_____/

**ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT**

On July 9, 2014, Plaintiff Robert L. Wiggins filed a *pro se* civil complaint alleging numerous claims centering on a mortgage on real property that he gave as security for a loan in March of 2005. Before the Court is a Motion to Set Aside Default [Doc. #25] filed by Defendant Argent Mortgage Company LLC ("Argent"). Because Argent was not properly served, the motion is GRANTED, and the Clerk's entry of default is VACATED.

                                               **I.    FACTS**

In his complaint [Doc. #1], Plaintiff states that he refinanced a real estate loan on March 28, 2005. Attached to his complaint is a copy of the mortgage given to Argent (Exhibit 1) and an adjustable rate interest promissory note to Argent in the amount of

$418,000.00 (Exhibit 2). Both documents were executed on March 28, 2005. He alleges that the Defendants engaged in predatory lending practices, in violation of a number of federal and Michigan statutes.

On December 12, 2014, Plaintiff filed what purported to be a Certificate of Service on Defendant Argent [Doc. #7], and on February 4, 2015, Plaintiff requested a Clerk's entry of default against Argent [Doc. #15]. On February 11, 2015, the Clerk entered Argent's default [Doc. #16].

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 55(a) provides:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules...the clerk shall enter the party's default."

Fed.R. Civ.P. 55(c) sets forth a relatively relaxed "good cause" standard for setting aside a Clerk's entry of default. *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). In *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 353 (6th Cir.2003), the Sixth Circuit described the Rule 55(c) standard as follows:

> "[T]he district court enjoys considerable latitude under the "good cause shown" standard of Rule 55(c) to grant a defendant relief from a default entry. The criteria used to determine whether "good cause" has been shown for purposes of granting a motion under Rule 55(c) are whether (1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious. It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." (internal quotation marks,

citations, and footnote omitted.).

However, a default may not be entered against a defendant who has not been properly served with a summons and complaint. In *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc*. 340 F.3d 345, 353 (6th Cir. 2003), the Court held:

> "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. *Amen v. City of Dearborn,* 532 F.2d 554, 557 (6th Cir.1976). Therefore, if service of process was not proper, the court must set aside an entry of default. *Id.; see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067 (6th Cir.1990)."

*O.J. Distributing* also held that a court "need not weigh the three factors a court considers when setting aside an entry of default when service of process has been properly effected...." *Id.* at 355.

### III. ANALYSIS

The Plaintiff claims to have served Argent by certified mail. However, his February 4, 2015 Certificate of Service [Doc. #7] does not comply with Fed.R.Civ.P. 4(e), which incorporates Michigan service of process rules. Rule 4(e) provides that service may be effected:

> "(1) pursuant to the law of the state in which the district court is located, or in which service is effected...; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or

usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Under Michigan law, specifically M.C.R. 2.105(A), service may be effected as follows:

"(1) delivering a summons and a copy of the complaint to the defendant personally; or

(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)." (Emphasis added).

Plaintiff's Certificate of Service contains no return receipt signed by an agent of Argent. The tracking information attached to Plaintiff's request for entry of default shows that the mailing was refused, not that it was accepted.

In addition, where the defendant is a corporation or a partnership, service is governed by Fed.R.Civ.P. 4(h):

"Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

**(1)** in a judicial district of the United States:

**(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or

**(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by

statute and the statute so requires--by also mailing a copy of each to the defendant."

According to Plaintiff's request for entry of default [Doc. #15], he sent a copy of the summons and complaint by certified mail to National Register in New Hudson, Michigan. First, the mailing was not accepted, it was refused, and there is no return receipt, as required by M.C.R. 2.105(A). Secondly, National Register, located in Michigan, is not the authorized agent of Argent, which, as of July 10, 2014, does not do business in Michigan, and hence has no resident agent in Michigan. *Defendant's Motion*, Exhibit 2.

In attempting service on Argent, the Plaintiff has failed to comply with Rule 4(e), Rule 4(h), and M.C.R. 2.105(A). Again, if service of process was not proper, the court must set aside an entry of default. *O.J. Distributing, supra*.

## IV.   CONCLUSION

Defendant Argent's Motion to Set Aside Default [Doc. #25] is GRANTED, and the Clerk's entry of default [Doc. #16] is VACATED.

IT IS SO ORDERED.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Date: January 31, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 31, 2016, electronically and/or by U.S. mail.

                                                  s/C. Ciesla  
                                                  Case Manager